UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                              CIVIL ACTION

VERSUS                                                       NO. 19-348-JWD-EWD

LOUISIANA DEPT. OF PUBLIC
SAFETY AND CORRECTIONS

## RULING

This matter comes before the Court on Petitioner's "Motion to reinstate Petition for Writ of Habeas Corpus to the United States District Court Judge,"[1] which this Court construes as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). The Motion shall be denied.

Pursuant to Ruling dated June 19, 2019,[2] the above-captioned proceeding was dismissed for lack of jurisdiction because Petitioner did not obtain permission from the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") prior to filing his successive habeas petition. Petitioner did not take an appeal from that Judgment. Petitioner now seeks to re-open this proceeding arguing that this Court was incorrect in dismissing his Complaint.[3]

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Petitioner has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

---

[1] R. Doc. 5.
[2] R. Doc. 4.
[3] R. Doc. 5.

Further, to the extent that Petitioner's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[4] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[5] In the instant motion, Petitioner has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Moreover, Plaintiff's petition for writ of habeas corpus remains successive, and, without permission from the Fifth Circuit to file this successive habeas petition, this Court remains divested of jurisdiction.[6] Accordingly, Plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[7] be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on February 20, 2020.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[4] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[5] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[6] Note, because Plaintiff argues that proper application of good time credits would result in his immediate release, this petition is properly classified as arising under 28 U.S.C. § 2254 instead of § 2241. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000).
[7] R. Doc. 5.