UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                    CIVIL ACTION NO.

VERSUS                                    19-348-JWD-EWD

JEFF LANDRY, ET AL.

## RULING

This matter comes before the Court on Petitioner's "Motion for the U.S. District Court Judge to Vacate His February 20, 2020 Ruling that Denied Petitioner Motion for Relief From Judgment,"[1] which this Court construes as a second-filed Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). The Motion shall be denied.

Pursuant to Ruling dated June 19, 2019,[2] the above-captioned proceeding was dismissed for lack of jurisdiction because Petitioner did not obtain permission from the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") prior to filing his successive habeas petition. Petitioner did not take an appeal from that Judgment. Petitioner thereafter filed a motion for relief from judgment, wherein he sought to re-open this proceeding arguing that this Court was incorrect in dismissing his petition.[3] That Motion was denied.[4] Petitioner has now filed the instant Motion again seeking to re-open these proceedings arguing that the instant petition is not successive.[5]

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that

---

[1] R. Doc. 7.
[2] R. Doc. 4.
[3] R. Doc. 5.
[4] R. Doc. 6.
[5] R. Doc. 7.

has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Petitioner has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).[6]

Further, to the extent that Petitioner's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[7] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[8] In the instant motion, Petitioner's sole argument for reinstatement of his claim is that the instant petition is not successive. This argument lacks merit.

This Court is well aware that "a prisoner's application is not second or successive simply because it follows an earlier federal petition."[9] However, a petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or *could have* been raised in an earlier petition; or otherwise constitutes an abuse of the writ,[10] and as explained to Petitioner previously, the instant Petition is successive because the claims *could have* been brought in his previous petition.[11]

Facts put forth by Petitioner indicate that he *could have* brought the instant claims regarding accrual of good time credits in his earlier habeas petition. The Exhibit, which Plaintiff

---

[6] Petitioner appears to be misinformed regarding Rule 60(b) motions. It appears that Petitioner is under the impression that Rule 60 applies if the underlying action must consist of mistake, fraud, misrepresentation, etc. R. Doc. 7, pp. 2, 4-5.
[7] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[8] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[9] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).
[10] *Id.*
[11] R. Doc. 4. Petitioner's previous petition also complained of good time credits. *See John Poullard v. James LeBlanc*, Civil Action No. 13-cv-641-JJB-RLB (M.D. La.).

emphasizes the importance of, indicates that Petitioner could have known, and apparently, in fact did know, of the issues he currently complains of regarding accrual of good time credits.[12] The regulation Petitioner points to was promulgated in 1999, approximately fourteen years prior to his previous petition regarding good time credits. Further, in the petition, Petitioner admits that in 1995, a classification officer informed him that he "had to sign a new double good-time rate option and approval form before [he] could earn or forfeit Double-Good Time…"[13] Petitioner further admits that he "made over 100 request to sign the form" indicating he thought he had to sign a form to receive double-good time.[14] All of these facts clearly indicate that he has known of the issues surrounding this Petition for long before his previous petition regarding good time was filed.[15] That Petitioner did not seek to pursue this claim either through the administrative remedy process or with this Court until after he filed the previous habeas petition does not change the fact that he *could have* previously brought the claim, and this petition is successive. Accordingly, Petitioner has not shown that he is entitled to reinstatement of his claim. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[16] be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on August 27, 2020.

                **JUDGE JOHN W. deGRAVELLES**
                **UNITED STATES DISTRICT COURT**
                **MIDDLE DISTRICT OF LOUISIANA**

---

[12] R. Doc. 7-1, pp. 1-4.
[13] R. Doc. 1-1, p. 6August 27, 2020.
[14] R. Doc. 1-1, p. 7.
[15] It appears Petitioner is under the impression that he is entitled to sign a double-good time form and receive good time retroactively. The Court does not opine on Petitioner's substantive arguments, as the Court lacks jurisdiction.
[16] R. Doc. 7.